IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:21-CV-17-BO

| | |
|---|---|
| DAKOTA PATRICK JONES, ) | |
|     *Plaintiff*, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| KILOLO KIJAKAZI, Commissioner of ) | |
| Social Security, ) | |
|     *Defendant*. ) | |

This cause comes before the Court on cross motions for judgement on the pleadings [DE 16, 21]. For the reasons that follow, the plaintiff's motion is granted and defendant's motion is denied. The case is remanded for further proceedings.

## BACKGROUND

Plaintiff protectively filed an application for benefits based on disability under Title II of the Social Security Act and an application for supplemental security income under Title XVI of the Act. Plaintiff was 17 years old when he protectively applied, alleging that he was disabled as of December 17, 2008, when he was eight years old. Plaintiff's applications were denied initially and upon reconsideration. Plaintiff had a hearing before an Administrative Law Judge ("ALJ") on January 30, 2020. On March 13, 2020, the ALJ issued an unfavorable decision, finding that plaintiff was not disabled within the meaning of the Act. On January 27, 2021, the Appeals Council denied plaintiff's request for review, making the ALJ's March 2020 decision the Commissioner's final decision in this case. Plaintiff was born on January 27, 2000 and therefore was an adolescent on December 22, 2017, when he filed his application. He attained the adult age of 18 on January 27, 2018, four days after he filed his application. Plaintiff is 5'6" and weights 116 pounds. He

finished the 10th grade, but did not pursue a GED because he states that he was too sick to do his school work.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

A person under the age of 18 will be considered to be disabled under the Social Security Act if that person has a medically determinable physical or mental impairment which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of twelve months or more. 42 U.S.C. § 1382c(a)(3)(C)(i). In assessing a childhood SSI claim, an ALJ engages in a three-step sequential evaluation as provided in 20 C.F.R. § 416.924. An ALJ must consider the "whole child" when assessing disability. *See* SSR 09-1p.

In determining whether a claimant has an impairment or combination of impairments which functionally equals the Listings, an ALJ considers the claimant's functioning in six domains: acquiring and using information, attending and completing tasks, interacting and relating with others, moving about and manipulating objects, caring for oneself, and health and physical well-being. 20 C.F.R. § 416.926a. To functionally equal the Listings, a claimant must be found to have either "marked" limitations in two domains or an "extreme" limitation in one domain. *Id.* A limitation is considered "marked" if it is more than moderate but less than extreme, and a limitation

2

is "extreme" when it is determined to be more than marked. *Id.* Here, the ALJ found that E.R.T.S. had (1) less that marked limitation in acquiring and using information; (2) less than marked limitation in attending and completing tasks; (3) a marked limitation in interacting and relating with others; (4) no limitation in moving about and manipulating objects; (5) no limitation in the ability to care fore himself, and (6) no limitation in health and physical well-being. Based on the ALJ's determination that plaintiff did not have marked limitations in two domains of functioning or extreme limitations in one domain of functioning, the ALJ found plaintiff not to be disabled as of the date of his decision.

An adult is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the

claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

Plaintiff turned 18 and changed age categories during the period under review, so the ALJ in this case evaluated plaintiff under both standards. Under the childhood standard of disability, the ALJ used the three-step sequential evaluation process under 20 C.F.R. § 416.924(a). At step one—which is the same in the childhood and adult standards—the ALJ found that plaintiff had not engaged in substantial gainful activity since the application date. At step two of the childhood standard, the ALJ found that prior to attaining age 18, plaintiff had the following severe impairments: diabetes mellitus type I; gastroparesis; migraine headaches; attention deficit hyperactivity disorder (ADHD); and obsessive-compulsive disorder (OCD). At step three, the ALJ found that before attaining age 18, plaintiff did not have an impairment or combination of impairments that met or medically equaled a Listing. Accordingly, the ALJ found that plaintiff was not disabled before he turned 18.

The ALJ then evaluated plaintiff under the adult standard. At step two, the ALJ found that plaintiff had not developed any new impairments since attaining the age of 18. At step three, the ALJ found that plaintiff did not have an impairment, or a combination of impairments, that met or

4

medically equaled a Listing. The ALJ found that plaintiff had the RFC to perform medium work with limitations. At step four, the ALJ found that plaintiff had no past relevant work. At step five, the ALJ found that plaintiff was capable of performing work that existed in significant numbers in the national economy. Accordingly, the ALJ found that plaintiff was not disabled under the Act from January 26, 2018 (when he turned 18) through the date of the decision.

Plaintiff argues that the ALJ failed to accurately consider the persistence and severity of his symptoms when deciding his RFC. Plaintiff was diagnosed with diabetes at age 7 in 2007. Even after being prescribed an insulin pump in 2010, his medical records show uncontrolled diabetes resulting in headaches, recurrent abdominal pain, gastroparesis, nausea, and dizziness. Plaintiff was so unwell that he missed a lot of school. In 2018, after he moved from California to North Carolina, he was diagnosed with controlled diabetes, gastroparesis, arthralgia of both hands, and intractable migraine headaches. Plaintiff had a spike in blood sugar above normal levels on his way to his hearing with the ALJ and was suffering from the resultant migraine while he tried to participate in the hearing.

In supporting his conclusion of non-disabled, the ALJ noted that while plaintiff was a child and a teenager, there was occasional non-compliance with his insulin pump and injection usage. The Court finds that this could be explained either by plaintiff's youth or because of the lack of concentration actually caused by his diabetes when it is out of control. The ALJ also cites the lack of diabetic related hospitalizations or use of emergency services for uncontrolled blood sugars. However, the Court finds that this could be explained by any number of reasons, including a potential desire to avoid costly emergency services. The ALJ failed to fully explain how plaintiff could perform modified medium work for an entire workday, or workweek, when plaintiff cannot stand and walk for six hours a day and has 2-3 migraines per week. The modifications the ALJ

5

included in plaintiff's RFC did not reduce the time required to sit, stand, and walk in an 8-hour workday. Further, because of plaintiff's unpredictable spikes in blood sugar and resulting dizziness and lack of concentration, it appears that the evidence shows that plaintiff would be off task more than 10% of the day. Further, given plaintiff's reports about his longstanding history of life-altering uncontrolled diabetes, the Court wonders how the ALJ concluded that plaintiff did not meet the diabetes Listing. The ALJ's ultimate determination lacks a logical bridge from the medical evidence in this case. Accordingly, the decision must be remanded for further proceedings.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that remand is appropriate. The plaintiff's motion for judgement on the pleadings [DE 16] is GRANTED. The government's motion for judgement on the pleadings [DE 21] is DENIED. This matter is REMANDED to the Commissioner for further proceedings.

SO ORDERED, this __31__ day of August, 2022.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE